UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: EXPRESS SCRIPTS HOLDING COMPANY
SECURITIES, DERIVATIVE AND EMPLOYEE
RETIREMENTINCOME SECURITY ACT (ERISA)
LITIGATION                                                                                MDL No. 2769


ORDER DENYING TRANSFER


**Before the Panel**:[*] The Express Scripts defendants[1] move under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of Missouri. This litigation currently consists of four actions pending in two districts, as listed on Schedule A. Plaintiffs in all actions and defendant Anthem, Inc. (Anthem) oppose centralization. In the alternative, plaintiffs in the Southern District of New York actions and Anthem request that district.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. The actions unquestionably share common factual allegations concerning ESI's provision of pharmacy benefit management services for Anthem health plans and, in particular, ESI's alleged failure to provide competitive pricing for prescription drugs. But where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Moving defendants have failed to do so here.

There are only four actions in this litigation, and three actions already are proceeding as related cases before the same judge in the Southern District of New York.[2] The Express Scripts

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] Express Scripts Holding Company (ESHC); Express Scripts, Inc. (ESI); and the following alleged current and former officers and directors of ESHC: George Paz, Timothy Wentworth, Eric Slusser, David Queller, James M. Havel, Maura C. Breen, William J. DeLaney, Elder Granger, Nicholas J. LaHowchic, Thomas P. MacMahon, Frank Mergenthaler, Woodrow A. Myers, Jr., Roderick A. Palmore, William L. Roper, Seymour Sternberg, Christopher A. McGinnis, Gary G. Benanav, and Christopher Knibb.

[2] The Southern District of New York court also presides over an additional action between Anthem and ESI that likely involves discovery related to the actions on the motion.

-2-

defendants are represented principally by two counsel in the underlying actions, who are well-positioned to coordinate the litigation across the four actions. All responding parties except for movants agree that informal coordination of discovery and pretrial proceedings is practicable and preferable to centralization.

Additionally, the ERISA action raises case-specific factual and legal issues concerning the extent of overpayments allegedly made by Anthem plan participants, ESI's and Anthem's duties under ERISA, and putative classes not implicated in any other action. These case-specific issues are likely to undermine the alleged efficiencies that could be gained from centralizing an already minimal number of actions.

Although movants believe that the filing of related actions is likely, the mere possibility of additional actions does not support centralization. *See, e.g., In re: California Wine Inorganic Arsenic Levels Prods. Liab. Litig.*, 109 F. Supp. 3d 1362, 1363 (J.P.M.L. 2015).

Given the limited number of involved counsel and actions, and the presence of significant non-overlapping issues in one action, informal coordination of discovery and pretrial motions is preferable to centralization. *See, e.g., In re: United Healthcare Servs., Inc., Harvoni (Ledipasvir and Sofosbuvir) Health Ins. Litig.*, — F. Supp. 3d —, 2016 WL 4153604 (J.P.M.L. Aug. 5, 2016); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
_____
Sarah S. Vance
Chair

Marjorie O. Rendell        Charles A. Breyer
Lewis A. Kaplan            Ellen Segal Huvelle
R. David Proctor           Catherine D. Perry

**IN RE: EXPRESS SCRIPTS HOLDING COMPANY
SECURITIES, DERIVATIVE AND EMPLOYEE
RETIREMENT INCOME SECURITY ACT (ERISA)
LITIGATION**                                                                MDL No. 2769

## SCHEDULE A

<u>Eastern District of Missouri</u>

GREEN, ET AL. v. PAZ, ET AL., C.A. No. 4:16-01900

<u>Southern District of New York</u>

IN RE EXPRESS SCRIPTS HOLDINGS COMPANY SECURITIES LITIGATION,
    C.A. No. 1:16-03338
IN RE EXPRESS SCRIPTS/ANTHEM ERISA LITIGATION, C.A. No. 1:16-03399
CARPENTERS PENSION FUND OF WEST VIRGINIA v. BREEN, ET AL.,
    C.A. No. 1:16-07500